Case: 10-1186 Document: 009188525 Filed: 07/08/2011 Page: 1 of 3

Entered on Docket
July 08, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JUL 08 2011
SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. NC-10-1186-JuHBa |
| RENE MCINTYRE, ) | Bk. No. 10-10974 |
| Debtor. ) | |
| RENE MCINTYRE, ) | |
| Appellant, ) | |
| v. ) | M E M O R A N D U M* |
| DEUTSCHE BANK NATIONAL TRUST ) COMPANY, as Indenture Trustee ) for the registered Noteholders) of Aegis Backed Securities ) Trust 2006-1, Mortgage Backed ) Notes, ) | |
| Appellee. ) | |

Argued and Submitted on May 11, 2011
at San Francisco, California

Filed - July 8, 2011

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Alan Jaroslovsky, Bankruptcy Judge, Presiding

Appearances:    Appellant Rene McIntyre argued pro se
J. Owen Campbell, Esq., Houser & Allison, APC,
on brief for Appellee Deutsche Bank National
Trust Company.

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

1  Before:  JURY, HOLLOWELL, and BARRECA,[1] Bankruptcy Judges.

   Appellant, chapter 7[2] debtor Rene McIntyre, appeals pro se the bankruptcy court's order terminating the automatic stay in favor of appellee, Deutsche Bank National Trust Company ("Deutsche").  We dismiss this appeal as moot.

   This appeal is moot because the automatic stay has terminated as a matter of law under § 362(c).  See <u>Tripe v. Deutsche Bank Nat'l Trust Co. (In re Tripe)</u>, 2010 WL 6259972, at *5 (9th Cir. BAP 2010).  Section 362(c) sets forth time limits governing the duration of the stay:

>    (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
>
>    (2) the stay of any other act under subsection (a) of this section continues until the earliest of-
>
>    (A) the time the case is closed;
>
>    (B) the time the case is dismissed; or
>
>    (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

Here, the bankruptcy court granted Deutsche relief from stay under § 362(d)(2) because debtor had no equity in the property.  Because there was no equity for the benefit of the estate, the trustee did not respond.  Therefore, when the bankruptcy court

---

[1]   Hon. Marc L. Barreca, Bankruptcy Judge for the Western District of Washington, sitting by designation.

[2]   Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-2-

1  granted Deutsche relief from the stay, the stay terminated as to
2  the estate.  § 362(c)(1); <u>Tripe</u>, 2010 WL 625992, at *5.
3  Moreover, to the extent debtor's interest in the residence
4  remained protected under § 362(a)(5),[3] that protection
5  terminated as a matter of law when debtor received his discharge
6  on June 29, 2010.  § 362(c)(2)(C).
7       Accordingly, this appeal is DISMISSED as moot.[4]

---

[3]     This section imposes a stay of "any act to . . . enforce against property of the debtor any lien to the extent that such lien secured a claim that arose before the commencement of the case . . . ."

[4]     On May 18, 2011, debtor filed a motion to extend the time to file additional citations in support of his appeal.  His motion is denied.

-3-